IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARILYN MATLOCK, Individually, as representative of the estate of DUDLEY MARK MATLOCK, Deceased, and as next friend for REBECCA RUTH MATLOCK, a minor; and PAUL STEVEN MATLOCK<br>Plaintiff | § | |
| VS. | § | C. A. NO 2-06CV-28 |
| SILAS BROWN, Individually and dba SILAS EXPRESS TRUCKING and BRIAN ONELL HARRIS<br>Defendant | §<br><br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

MARILYN MATLOCK, Individually, as legal representative for the estate of DUDLEY MARK MATLOCK, Deceased, and as next friend for REBECCA RUTH MATLOCK, a minor and PAUL STEVEN MATLOCK, file this original complaint against Silas Express Trucking and Brian Onell Harris, and would show the Court as follows:

### PARTIES

1. Plaintiff Marilyn Matlock is the surviving spouse, Rebecca Ruth Matlock, a minor, is the surviving daughter and Paul Steven Matlock the surviving son of Dudley Mark Matlock, deceased. They are residents of Nacogdoches, Nacogdoches County, Texas.

2. Defendant Silas Brown, Individually and dba as Silas Express Trucking is a resident of the State of Georgia and may be served at the following address: 2464 Meadowview Tail, Lithia

Springs, GA 30122

3. Defendant, Brian Onell Harris, is a resident of the State of Georgia and may be served at the following address: 1199 Oak Lane, Douglasville, GA 30134.

## SUBJECT MATTER JURISDICTION

4. Plaintiffs are residents and citizens of the State of Texas at the time of the accident giving rise to this case and at the time of filing of this suit. Defendants, Silas Brown, Individually and dba Silas Express Trucking and Brian Onell Harris are residents of another State than Texas. Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, jurisdiction based upon 28 U.S.C. 1332 is established.

## FACTS

5. At approximately 6:00 a.m. on Thursday, January 5, 2006, Dudley Mark Matlock was heading south on U.S. Highway 259 in Nacogdoches County, when suddenly he hit a tractor trailer from behind while it was being driven by the Defendant, Brian Onell Harris, in the course and scope of his employment for Defendant, Silas Brown Individually and dba Silas Express Trucking. Said tractor trailer was preparing to make a right hand turn from the left lane into a private parking lot.

6. Dudley Mark Matlock was pronounced dead at the scene due to atlanto-occipital separation (broken neck) suffered during this incident.

## NEGLIGENCE

7. Plaintiffs allege Defendant, Brian Onell Harris, through his acts and omissions, was negligent, and such negligence was a proximate cause of the accident and damages in question. Plaintiffs' resulting damages were proximately caused and/or aggravated by one or more of the

negligent acts and omissions by Defendant, as cited below.

Plaintiffs further allege the negligent acts and omissions by Defendant, Brian Onell Harris, as cited below, violated statutory law and regulations and give rise to negligence per se, which was a proximate cause or aggravation of the accident and damages in question.

Plaintiffs aver and allege Defendant, Brian Onell Harris, committed the following negligent acts or omissions and/or violated the following statutory laws and regulations:

- a. Failure to keep a proper lookout;
- b. Failure to timely apply brakes or to apply brakes;
- c. Failure to maintain proper control of his vehicle; and
- d. Failure to signal an intention to turn.

8. Plaintiffs allege the acts and omissions by defendant violated statutory law and regulations and gives rise to negligence per se, which was a proximate cause or aggravation of the incident and injuries in question resulting in the death of Dudley Mark Matlock. In this regard, Plaintiffs allege Defendant violated the following statutory law and regulations:

A. In violating the provision of Section 545.103 of the Transportation Code which constituted negligence per se. Section 545.103 provides as follows:

> "An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely."

B. In violating the provision of Section 545.104(a) and (b) of the Transportation Code which constituted negligence per se. Section 545.104(a) and (b) provide as follows:

> (a) "An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.
>
> (b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn."

9.  Plaintiff would further show that Defendant, SILAS BROWN, Individually and dba SILAS EXPRESS TRUCKING was the owner and in possession, custody and control of the vehicle ultimately driven by its employee on the date of the accident made the basis of this lawsuit. On or about January 5, 2006, Defendant, SILAS BROWN Individually and dba SILAS EXPRESS TRUCKING directed its employee, Defendant, BRIAN ONELL HARRIS, to use the vehicle in question for the purpose of operating it on the public streets and highways of Texas, and Defendant, BRIAN ONELL HARRIS, operated said vehicle with the knowledge, consent and permission of Defendant, SILAS BROWN Individually and dba SILAS EXPRESS TRUCKING.

Plaintiffs further allege that at the time of the incident made the basis of this lawsuit, the Defendant, BRIAN ONELL HARRIS, was acting, or ostensibly appeared to be within the course and scope of his employment and in the furtherance of the business interest of Defendant, SILAS BROWN Individually and dba SILAS EXPRESS TRUCKING. Plaintiffs invoke the doctrine of respondeat superior and alleges each negligent act and/or omission on the part of Defendant, BRIAN ONELL HARRIS, is imputed to Defendant, SILAS BROWN Individually and dba SILAS EXPRESS TRUCKING and Defendant, SILAS BROWN Individually and dba SILAS EXPRESS TRUCKING is vicariously liable for all negligent acts and/or omissions alleged herein to have been perpetrated by Defendant, BRIAN ONELL HARRIS.

## DAMAGES

10. As a result of the collision and the untimely death of Dudley Mark Matlock, and Defendants' aforesaid negligence, Plaintiffs have sustained damages in the past and will, in reasonable probability, continue to sustain damages in the future, for which pre-judgment interest

is owed, as set forth below:

Marilyn Matlock, as surviving spouse of Dudley Mark Matlock, has suffered damages in the nature of pecuniary loss including, but not limited to, the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value that she would, in reasonable probability, have received from Decedent, Dudley Mark Matlock, if he had lived. In addition, she has suffered loss of consortium including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness. She has suffered mental anguish, grief and sorrow as a result of the death of her husband and is likely to continue to suffer for a long time in the future. Additionally, Marilyn Matlock has incurred damages for funeral and burial expenses. For these losses, Marilyn Matlock, seeks damages within the jurisdictional limits of the court.

Rebecca Ruth Matlock, as surviving minor child of Dudley Mark Matlock, has suffered damages in the nature of pecuniary loss including, but not limited to, the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value that she would, in reasonable probability, have received from Decedent, Dudley Mark Matlock, if he had lived. In addition, she has suffered loss of consortium including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness. She has suffered mental anguish, grief and sorrow as a result of the death of her father and is likely to continue to suffer for a long time in the future. For these losses, Rebecca Ruth Matlock, seeks damages within the jurisdictional limits of the court.

Paul Steven Matlock, as surviving child of Dudley Mark Matlock, has suffered damages in the nature of pecuniary loss including, but not limited to, the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of a pecuniary value that she

would, in reasonable probability, have received from Decedent, Dudley Mark Matlock, if he had lived. In addition, he has suffered loss of consortium including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness. He has suffered mental anguish, grief and sorrow as a result of the death of his father and is likely to continue to suffer for a long time in the future. For these losses, Paul Steven Matlock, seeks damages within the jurisdictional limits of the court.

### JURY TRIAL

11. Plaintiffs request a jury trial of the above-entitled lawsuit. In support of this application, plaintiff would show that the appropriate jury fee has been paid to the district clerk.

### PRAYER

12. Plaintiffs pray that the Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover judgment of and from the defendants, jointly and severally, for her damages together with the costs of suit, pre-judgment and post-judgment interest, reasonable and necessary attorneys' fees, litigation expenses, and such other and further relief to which Plaintiffs may show herself justly entitled.

Respectfully submitted,

WELLBORN ✶ HOUSTON, L.L.P.
P. O. Box 1109
Henderson, Texas 75653-1109
903/657-8544 Telephone
903/657-6108 Facsimile

By: /s/ Ron Adkison
RON ADKISON
STATE BAR NO. 00921090

ATTORNEYS FOR PLAINTIFFS