IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARILYN MATLOCK, Individually, as representative of the estate of DUDLEY MARK MATLOCK, Deceased, and as next friend for REBECCA RUTH MATLOCK, a minor; and PAUL STEVEN MATLOCK,<br>      Plaintiffs,<br><br>v.<br><br>SILAS BROWN, Individually and dba SILAS EXPRESS TRUCKING and BRIAN ONELL HARRIS, and CANAL INSURANCE COMPANY,<br>      Defendants. | §§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 2:06-CV-28 (TJW) |

**MEMORANDUM ORDER**

Before the Court is Canal Insurance Company's Motion for Summary Judgment (#33).  The Court GRANTS the motion for the reasons set forth below:

**I.      Introduction**

This negligence action is brought by Marilyn Matlock, the surviving spouse of Dudley Matlock, on behalf of herself and her children, Rebecca and Paul Matlock, against defendants, Silas Brown, individually and d/b/a Silas Express Trucking ("Silas"), Brian Harris, and Canal Insurance Company ("Canal").  This action arises from a fatal accident occurring at about 6:00 a.m. on January 5, 2006.  Mr. Matlock was driving south on U.S. Highway 259 in Nacogdoches County, Texas when his vehicle was struck by a tractor trailer driven by Mr. Harris.  As a result of the collision, Mr. Matlock allegedly suffered a broken neck and later died at the scene.  Mr. Harris was an employee of Silas and was acting within the course and scope of his employment at the time of the incident.

The Court has found that Silas' insurance policy with Canal was effectively canceled at 12:01 a.m. on January 5, 2006, hours prior to the accident.  *See* Dckt. #31.

## II.    Summary Judgment Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Summary judgment is appropriate "in *any* case 'where the critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.' " *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993)).  All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## III.    Analysis and Conclusion

The Court previously found that Silas' insurance policy with Canal was properly canceled pursuant to the terms of the insurance policy.  Furthermore, the Court found that Canal properly canceled the MCS-90 Endorsement in accordance with the Federal Motor Carrier Safety Administration's regulations.  Therefore, Canal has no duty to provide insurance coverage for any damages resulting from the accident.  Accordingly, Canal's motion for summary judgment is GRANTED and the plaintiffs' claims against Canal are DISMISSED with prejudice.

SIGNED this  7th  day of December, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE