IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARILYN MATLOCK, Individually, | § | |
| as representative of the estate of | § | |
| DUDLEY MARK MATLOCK, Deceased, | § | |
| and as next friend for | § | |
| REBECCA RUTH MATLOCK, a minor; | § | |
| and PAUL STEVEN MATLOCK, | § | |
|     Plaintiffs, | § | CIVIL ACTION NO. 2:06-CV-28 (TJW) |
| | § | |
| v. | § | |
| | § | |
| SILAS BROWN, Individually and d/b/a | § | |
| SILAS EXPRESS TRUCKING, ET AL., | § | |
|     Defendants. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    This negligence action is brought by Marilyn Matlock, the surviving spouse of Dudley Matlock, on behalf of herself, her children, Rebecca and Paul Matlock, and as representative of the estate of Dudley Matlock against Defendants Silas Brown, individually and d/b/a Silas Express Trucking ("Silas Trucking"), Brian Harris, and Canal Insurance Company ("Canal").  The Court granted Canal's motion for summary judgment and dismissed the plaintiffs' claims against Canal. Before the pre-trial conference on December 18, 2006, counsel for the plaintiffs and counsel for the remaining defendants agreed to submit the case for non-jury trial based on the evidence submitted to the Court.  Subsequently, the plaintiffs have agreed to dismiss without prejudice the claims against Mr. Brian Harris.

    The Court has considered the admissible evidence and the applicable law.  Pursuant to Fed. R. Civ. P. 52, the Court makes the following findings of fact and conclusions of law.  Any finding of fact that is actually a conclusion of law should be treated as such.  Any conclusion of law that is

actually a finding of fact should be treated as such.

## FINDINGS OF FACT

1. Marilyn Matlock is the surviving spouse of Mr. Dudley Matlock ("Mr. Matlock").

2. Rebecca Ruth Matlock and Paul Steven Matlock are the surviving children of Mr. Matlock.

3. On January 5, 2006, Mr. Brian Harris ("Harris") was driving a truck tractor semi-trailer southbound on U.S. Highway 259 in Nacogdoches County, Texas.

4. Mr. Matlock was also driving south on U.S. Highway 259.

5. At the location of the accident, U.S. Highway 259 is a four lane highway.

6. At about 6:00 a.m., Harris was preparing to turn right from the left lane into a private parking lot.

7. The brake lights of Harris' truck tractor semi-trailer were engaged, but no turn signal was activated.

8. Mr. Matlock was traveling in the left lane and collided with Harris' truck tractor semi-trailer before Harris could complete his right turn.

9. If Harris' truck tractor semi-trailer had been in the right lane, the collision would not have occurred.

10. Mr. Matlock did not apply any substantial braking prior to the collision.

11. As a result of the collision, Mr. Matlock suffered a broken neck and later died at the scene.

12. Harris was negligent for failing to activate his turn signal.

13. Mr. Matlock was negligent in failing to keep a proper lookout and in failing to timely apply brakes.

14. The negligence of Harris and the contributory negligence of Mr. Matlock were the proximate

causes of the collision and the death of Mr. Matlock.

15. Eighty percent (80%) of the negligence that caused the accident is attributable to Harris and twenty percent (20%) of the negligence that caused the accident is attributable to Mr. Matlock.

16. Harris was an employee of Silas Trucking and was acting within the course and scope of his employment at the time of the incident.

17. Mr. Silas Brown, Individually and d/b/a Silas Express Trucking, has no assets which are subject to execution to satisfy a judgment, if one is entered against him in this case.

18. The funeral expenses reasonably incurred for the burial of Mr. Matlock total $8,338, and were paid by the plaintiffs.

19. Mr. Matlock was 46 years of age at the time of the accident.

20. Mr. Matlock was making approximately $30,000 a year plus health insurance and retirement benefits.

21. The amount necessary, if paid now in cash, to fairly and reasonably compensate the plaintiffs for the past and future earnings of Mr. Matlock is the sum of $630,000.

22. The amount necessary, if paid now in cash, to fairly and reasonably compensate the plaintiffs, in the past and in the future, for their mental anguish, suffering or bereavement and loss of society, comfort and companionship as a result of Mr. Matlock's death is the sum of $500,000.

## CONCLUSIONS OF LAW

1. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Personal jurisdiction is not disputed.

2. Venue is proper in this court. 28 U.S.C. § 1391(b).

3. Harris violated Texas Transportation Code § 545.051(b) in making a turn from the left lane where two southbound lanes were available.

4. Mr. Matlock violated Texas Transportation Code § 545.062(a) for failure to maintain an assured clear distance.

5. Violations of the statutes are negligence per se.

6. Mr. Silas Brown, Individually and d/b/a Silas Express Trucking, is vicariously liable for the negligent acts of Harris.

7. The plaintiffs are jointly entitled to a judgment in the amount of $504,000 for past and future earnings; $400,000 for non-pecuniary losses; and $6,670.40 for funeral expenses. Final judgment will be entered pursuant to Fed. R. Civ. P. 58 in accordance with these Findings and Conclusions.

SIGNED this 17th day of July, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE